

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. WR-90,442-01 & WR-90,442-02

## EX PARTE DEREK LEE CASEY, JR., Applicant

## ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
## CAUSE NOS. 12110-D & 12111-D IN THE 350TH DISTRICT COURT
## FROM TAYLOR COUNTY

*Per curiam*. KEEL, J., filed a concurring opinion, joined by HERVEY, RICHARDSON, and WALKER, JJ. KELLER, P.J., filed a dissenting opinion, joined by YEARY, SLAUGHTER, and McCLURE, JJ. YEARY, J., filed a dissenting opinion, joined by KELLER, P.J., SLAUGHTER, and McCLURE, JJ.

## O P I N I O N

Applicant was convicted of two charges of aggravated assault of a public servant and sentenced to twenty-five years' imprisonment in each case. Upon Applicant's motion to withdraw, the Eleventh Court of Appeals dismissed his appeal. *Casey v. State*, No. 11-17-00138-CR (Tex. App.—Eastland Dec. 14, 2017) (not designated for publication). Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that his plea was involuntary because the State

withheld material information from the defense, specifically that the officers did not identify themselves. The trial court found that the alleged "failure to identify" was either untrue or unknown to the prosecutor and that the *Brady* violation appears to be based on speculation by Applicant. Based on the record, we disagree.

The police officers testified at the punishment hearing that they did not verbally identify themselves as police officers before Applicant shot at them. Applicant's trial attorney, John Young, testified by affidavit at the habeas stage that the pretrial discovery materials indicated that the police did identify themselves before Applicant shot at them. Young told Applicant that the file showed that the officers "repeatedly" warned him that they were officers. Applicant's appellate attorney, Landon Thompson, testified by affidavit that the pretrial discovery materials did not reveal the "failure to identify" and that Applicant would not have pleaded guilty if that evidence had been disclosed before his plea. Nothing suggests that Applicant knew of the "failure to identify" evidence until the punishment hearing.

Favorable evidence was withheld from Applicant, and if it had been disclosed, he would not have pleaded guilty. The record thus substantiates Applicant's *Brady* claim. Other considerations, like the prosecution's possible ignorance of the "failure to identify" evidence, are irrelevant to Applicant's involuntary-plea claim under *Brady*. *See Harm v. State*, 183 S.W.3d 403, 406 (Tex. Crim. App. 2006).

Relief is granted. *Brady v. United States*, 397 U.S. 742 (1970). The judgments in cause numbers 12110-D & 12111-D in the District Court of Taylor County are set aside, and Applicant is remanded to the custody of the Sheriff of Taylor County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within ten days from the date of

this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: January 27, 2021

Do not publish